IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                                                              No. 12-cr-40092 JPG

EMMA J. YORK,

    Defendant.

## MEMORANDUM AND ORDER

      This matter comes before the Court on defendant Emma J. York's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 38).   Counsel voluntarily appeared for York and has since moved to withdraw on the basis that she can make no non-frivolous argument in support of a request for reduction (Doc. 46).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal (Doc. 48).   The defendant did not respond to counsel's motion, although she was given an opportunity to do so.

      On November 30, 2012, York pled guilty to one count of conspiracy to distribute methamphetamine.   Using the 2012 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct was 1,021.6 kilograms of marihuana equivalents, resulting in a base offense level of 32.   However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two prior drug felony convictions, which raised her base offense level to 34.   Her offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because she timely accepted responsibility for her offense, yielding a total offense level of 31. Considering the defendant's criminal history category of VI, established by her career offender

status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 188 months in prison.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on her career offender base offense level set forth in

U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, her offense level and her guideline range have not been lowered by Amendment 782, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** her *pro se* motion for a reduction (Doc. 38), **GRANTS** counsel's motion to withdraw (Doc. 46) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:   September 9, 2016**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**